358 So.2d 1282 (1978)
STATE of Louisiana
v.
Johnny Ray HERMAN.
No. 61183.
Supreme Court of Louisiana.
May 22, 1978.
A. J. Boudreaux, Staff Appeals Counsel, Indigent Defender Bd., 24th Judicial Dist., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., J. J. Amato, Abbott J. Reeves, Asst. Dist. Attys., Research and Appeals, for plaintiff-appellee.
DIXON, Justice.
Johnny Ray Herman was charged by bill of information with the armed robbery of Tamara Alexander, in violation of R.S. 14:64. The jury returned a verdict of guilty of simple robbery. Subsequently, defendant was sentenced to five years at hard labor. Due to our disposition of this case, *1283 we need only discuss Assignment of Error No. 1.
Defendant was tried for the armed robbery of Jerry's Amoco on Jefferson Highway and Williams Boulevard in Kenner, Louisiana which occurred on February 16, 1976. That evening, while Tamara Alexander was on duty at the service station, she was approached by a black man at a time when no other employees or customers were present. Ms. Alexander testified that since the man held one hand underneath his shirt, she thought he was armed. The man ordered Ms. Alexander to be quiet and give him the money; she did, and he left. The next day an investigating officer of the Kenner Police Department visited Ms. Alexander at her home bringing with him a file of photographs of about 50 to 60 black males. She identified defendant's picture as the perpetrator of the offense without hesitation. Defendant was arrested on March 3.
Approximately two weeks before trial, the State notified defendant of its intention to introduce evidence of two similar robberies of Ms. Alexander by defendant at the same location allegedly committed on December 7 and 18, 1975, purportedly to show system, knowledge and intent as outlined in R.S. 15:445 and 446.
Prior to the commencement of trial, defendant objected to the introduction of evidence of the other crimes. The prosecutor argued that his purpose in introducing evidence of the extraneous offenses was to show that defendant committed the robbery while armed with a dangerous weapon. Defendant's objection was overruled. Ms. Alexander was not called to the stand for the court to ascertain whether her testimony about the other offenses related to a contested issue.
Before the jury, Ms. Alexander testified of the details of the February 16th offense and of her belief that defendant was armed, although she never saw a weapon. She also stated that on December 7 and 18, 1975 she was robbed while working at Jerry's Amoco by the same man. On December 7th, she stated, she saw no weapon; no testimony was ever elicited as to whether defendant used a weapon in the December 18th robbery.
In general, evidence of extraneous offenses is inadmissible, due to the inordinate risk of prejudice to the accused. As often stated, defendant may not be convicted for the crime for which he is being tried because he is a "bad man" who has committed similar crimes in the past. See, e. g., State v. Frentz, 354 So.2d 1007 (La.1978); State v. Ledet, 345 So.2d 474 (La.1977); State v. Slayton, 338 So.2d 694 (La.1976); State v. Gaines, 340 So.2d 1294 (La.1976). When, however, the extraneous offense is relevant to prove a material issue before the jury, it should not be excluded merely because it shows the accused committed other offenses. State v. Moore, 278 So.2d 781 (La.1972); State v. Gaines, supra.
As counsel for both parties agreed in argument before the trial judge, the other crimes evidence could not be introduced to prove "intent" or "guilty knowledge." Proof of the act itself is proof of the requisite intent and knowledge needed to commit a robbery. State v. Ballard, 351 So.2d 484 (La.1977); State v. Gaines, supra, and cases cited therein. The prosecutor's contention that the extraneous offenses were to be used to show that defendant used a gun in the instant case is not supported by the record.
In State v. Moore, 278 So.2d 781 (La. 1973), we outlined the two-step inquiry required to determine if other crimes evidence is admissible: (1) was the evidence relevant to an issue of the case? (2) if relevant, was it too prejudicial?
And, in State v. Prieur, 277 So.2d 126 (La.1973), we set out the procedures the State must follow when it intends to offer evidence of other criminal offenses. Among those procedures, it is required that:
"(3) Prerequisite to the admissibility of the evidence is a showing by the State that it serves the actual purpose for which it is offered." 277 So.2d at 130 (emphasis added).
*1284 In order for the evidence of other crimes to be relevant to prove an element of the State's case, "the `matter in issue' must be real and genuine." State v. Moore, supra. Nothing may be given in evidence which does not tend to prove or disprove a matter in issue.
The State's asserted intention of proving that defendant was armed in the February 16th robbery was not accomplished. Once on the witness stand, Ms. Alexander gave no testimony that would indicate that defendant was armed on either of the occasions. The evidence of defendant's commission of two prior robberies did not "[serve] the actual purpose for which it [was] offered," and hence was not relevant to an issue in the case.[1]
If the State had considered it helpful to corroborate the victim's identification of defendant, it could have done so easily, without disclosing the other crimes committed by defendant. However, the State must have been satisfied that identity was not a real issue.
It would have been relevant to show that the victim had encountered the defendant at the station on two other recent occasions. Even if identity had been a contested issue, the evidence that the other occasions were those where defendant robbed the victim should not have been disclosed to the jury because of its seriously prejudicial nature, which overwhelms the probative value of the "other crimes" evidence.
For the foregoing reasons, the defendant's conviction and sentence are reversed and the case is remanded for a new trial in accordance with law.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] Had the State been required to show its evidence to the trial judge for a determination of whether the evidence tended to prove what it was offered for, before it was presented to the jury, the need for reversal of the conviction might have been obviated. Indeed, the record shows that at the preliminary hearing, Ms. Alexander testified that at none of the three robberies did she see a weapon.