364 So.2d 1011 (1978)
STATE of Louisiana
v.
Glenn K. CONSTANTINE.
No. 62130.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
*1012 Clyde D. Merritt, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert F. Barnard, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Glenn K. Constantine was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty as charged. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve eighteen years at hard labor with credit toward service of his sentence for time spent in actual custody prior to imposition of sentence. On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence.
The assigned errors all relate to defendant's contention that the trial judge erred in overruling his objections and motions for mistrial grounded on the claim that the state's introduction of and reference to evidence of other crimes was inadmissible.
The record reflects the following facts. Police officers, conducting a surveillance of defendant and his brother, testified that defendant was observed approaching a parked Coca-Cola truck, carrying a red bolt cutter in his hand. One of the officers stated that defendant opened the passenger door of the truck (the truck's safe was located on the passenger side of the vehicle) and reached inside with the bolt cutter. At this time, the driver of the truck came out of a nearby service station, noticed someone in his truck and began yelling. Defendant began to run but was apprehended by the police officers. Evidence was introduced that the door of the safe was stuck and could not be opened and that no money was taken out of the safe.
Defendant, testifying on his own behalf, maintained on direct examination that, although he had been in the general vicinity of the Coca-Cola truck on the day in question, he never approached the truck. Defendant stated that he was not carrying the bolt cutter when arrested; rather, the police officers had taken it from the floor of his automobile. Defendant further testified:
I was brought to Central Lockup and I was charged with armed robbery, fourteen counts of burglary, and one attempted auto burglary or whatever it is and all the other charges have been dropped except this one. They must have got the bolt cutters out of my car. I didn't do anything.
Defendant denied having any knowledge of the other charges he claimed had been filed against him.
During cross-examination, the prosecutrix asked defendant who told him that the other charges had been dropped. Defendant replied that a lawyer-investigator had informed him that he was only charged with one count of simple burglary and that the other charges had been dropped. The prosecutrix then proceeded to question defendant as to two envelopes (S-7 and S-8), containing money and with the name "Coca-Cola" written on them, that had been recovered by police officers from defendant's house. One envelope contained $45.06; the other, packets of change. Defendant's objection on ground of relevancy was overruled by the trial judge. Defendant denied any knowledge of the envelopes. He stated that his brother had, at one time, worked for the Coca-Cola Company. When *1013 the state attempted to introduce the two envelopes in evidence, defendant again objected on the ground of relevancy. The trial judge overruled the objection.
On rebuttal, the state, over defense objection, offered the testimony of one of the police officers who had searched defendant's house and recovered the envelopes. The officer testified that the envelopes were found in a bedroom in defendant's house. When found, the envelopes contained a sum of money in currency and packets of change with the words "Coca-Cola Company" written on them. At this point, the state again attempted to introduce the envelopes in evidence. Defendant again objected on the ground of relevancy. The objection was overruled by the trial judge, and the envelopes were received in evidence and displayed to the jury. After the officer's testimony, outside the presence of the jury, defendant moved for a mistrial on the basis that the testimony and envelopes introduced by the state constituted inadmissible evidence of other crimes. Defendant's motion was denied by the trial judge.
During the state's closing argument in rebuttal, the prosecutrix made the following statement:
We can't tell you someone's been arrested for other crimes . . . . It doesn't prove they are guilty of this crime he is on trial for today, but it does show you one thing, from Mr. Constantine's mouth came the fact that he had been arrested for all of these other charges, fourteen other Coca-Cola burglaries, that he had nothing to do with and yet I would say to you, ladies and gentlemen, what is all that money from Coca-Cola doing in his house in Coca-Cola bags?
Defendant again moved for a mistrial, arguing that the prosecutrix' remarks were impermissible references to another crime committed or alleged to have been committed by defendant as to which evidence was not admissible. The trial judge denied the motion, admonishing the jury to disregard any reference that there were other charges pending against defendant and to judge the case based solely on the evidence as to the one charge of simple burglary. Following the trial judge's admonition, defendant reurged his motion for a mistrial which was again denied by the trial judge.
The sole issue presented for our determination is whether the testimony elicited and evidence introduced by the state in cross-examination and rebuttal, and referred to by the prosecutrix in closing argument, was inadmissible evidence of other crimes.
When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case. La. R.S. 15:280. Therefore, in Louisiana, the scope of cross-examination is not limited to matters covered on direct examination. State v. Weathers, 320 So.2d 895 (La.1975).
The prosecution also has the right to rebut the evidence adduced by the defendant. La.R.S. 15:282. In State v. Monroe, 205 La. 285, 17 So.2d 331 (1944), this court defined the permissible scope of rebuttal evidence: "Rebutting evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party." See also State v. Hatter, 338 So.2d 100 (La.1976).
The general rules of evidence also have application to determine the proper scope of cross-examination and rebuttal testimony. The evidence must be relevant to the material issue. La.R.S. 15:435. La.R.S. 15:441 defines relevant evidence:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
The relevancy of proffered evidence thus depends on whether it tends to prove or disprove a material fact at issue. State v. Passman, 345 So.2d 874 (La.1977). Nothing may be given in evidence which does not tend to prove or disprove a matter in issue. State v. Moore, 278 So.2d 781 (La.1973) (on *1014 rehearing). Matters which are, however, logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses. State v. Herman, 358 So.2d 1282 (La.1978); State v. Moore, supra.
In the instant case, the "matter in issue" to which the evidence introduced by the state was offered was the disposition of the charge of armed robbery, the fourteen counts of burglary, and the one count of attempted "auto burglary." Because defendant chose to testify in his own defense and "opened the door" to this line of inquiry, the state had the right to question him concerning the disposition of these other charges during cross-examination. Additionally, the state, in rebuttal, had the right to offer evidence which would tend to explain, repel, counteract or disprove facts given in evidence by defendant. State v. Hatter, supra.
However, the evidence introduced by the state exceeded the permissible scope of cross-examination or rebuttal evidence in that it was not relevant to the issue raised by defendant during his testimony on direct examination. The fact that two envelopes with the name "Coca-Cola" written on them and containing a sum of money were found in defendant's home is in no way logically relevant to the issue of whether the other charges had or had not been dropped. Such evidence did not tend to prove or disprove any material fact relating to the disposition of the other criminal charges against defendant. Nor did the evidence explain, repel, counteract or disprove the disposition of these other criminal charges against defendant. Hence, the evidence was irrelevant for this purpose and therefore inadmissible. Moreover, the evidence introduced by the state and referred to by the prosecutrix in closing argument clearly related to other crimes committed or alleged to have been committed by defendant. The state made no showing that the evidence of other crimes were admissible pursuant to La.R.S. 15:445 and 446 and this court's interpretation of these statutes (see State v. Mitchell, 356 So.2d 974 (La.1978)) or as part of the res gestae. La.R.S. 15:447 and 448.
La.Code Crim.P. art. 770(2) makes a mistrial mandatory when a remark or comment made within the hearing of the jury by the district attorney during the trial or in argument refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. Accordingly, as we find that the evidence introduced by the state and referred to by the prosecutrix in closing argument constituted inadmissible evidence of other crimes, the trial judge erred in denying defendant's motions for a mistrial.

DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside and the case is remanded to the district court for a new trial in accordance with law.
SANDERS, C. J., and SUMMERS, J., dissent and assign reasons.
SANDERS, Chief Justice (dissenting).
In my opinion, the defense opened the door to rebuttal testimony concerning the other crimes. On direct examination, the defendant testified that, in addition to the burglary of Coca Cola truck 627, for which he was on trial, he had been "charged with armed robbery, fourteen counts of burglary, and one attempted auto burglary." He testified that the other charges had been dropped and that "I didn't have no knowledge of "the other fourteen burglaries." [Tr. 41-42.]
Since it was the defendant, himself, who first exposed the subject to the jury, I would uphold the conviction.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
Defendant testified that, in addition to the burglary of Coca-Cola truck 627, for which he was on trial, he had been "charged with armed robbery, fourteen counts of burglary, and one attempted burglary." He then testified that the other charges had *1015 been dropped and that "I didn't have no knowledge of the other fourteen burglaries."
The State offered evidence that two envelopes with the name "Coca-Cola" written on them and containing a sum of money were found in defendant's home. This Court holds that evidence "in no way logically relevant to the issue of whether the other charges had or had not been dropped."
I cannot agree. Defendant's effort to mitigate the effect of the other charges by stating they had been dropped was an effort to weaken the State's case with the inference that defendant had been unjustly accused by this same prosecutor in other instances. Proving that defendant was in fact guilty of those burglaries was therefore a logical and relevant step in rebuttal to defendant's effort to exculpate himself. Cross-examination and argument on that issue was also permissible.
I respectfully dissent.