456 So.2d 642 (1984)
STATE of Louisiana, Appellee,
v.
Willie Williamson KELLY, Defendant-Appellant.
No. 16317-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Writ Denied December 7, 1984.
*644 Wright and Parker by Daniel P. Parker, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Johnny Parkerson, Dist. Atty., Robert S. Kennedy, Jr., Asst. Dist. Atty., for appellee.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
PRICE, Judge.
Defendant appeals his conviction of Aggravated Crimes Against Nature, La.R.S. 14:89.1 and has made numerous assignments of error. We find no merit in any of the assignments and affirm the conviction for the reasons assigned.
FACTS:
Defendant is accused of forcing his six-year-old granddaughter to perform fellatio on him. The child's mother, defendant's daughter-in-law, testified at trial that she noticed severe behavioral changes in her daughter, then five years old, in October 1982. Upon questioning, the child indicated the defendant had been engaging in sexual behavior with her.
Ms. Kelly further testified that when she confronted the defendant about the matter, he denied the allegation and said the child had told him her mother was sexually abusing her. Not knowing whom to believe, Ms. Kelly sought, and received, assurances from her husband, from whom she was separated at the time, that her daughter would not be left alone with the defendant at any time.
In February 1983, again in response to her mother's questioning, the child indicated she had been left alone with the grandfather at times during visitations with her father and the sexual abuse had continued. At this point, during a time when her daughter was supposed to be staying with her father, Ms. Kelly contacted the district attorney's office and made a statement regarding the matter. She then went to her ex-husband's house to pick up the little girl, but found she was at defendant's home. She picked her up there and drove directly to the sheriff's office.
During the drive Ms. Kelly asked the child if she remembered the previous discussion about her grandfather, and she replied that she did. During that conversation, she indicated that the same type of incident had occurred just a while before. When her mother tried to elicit a more specific time reference, the child repeated that it had happened just a while ago and *645 pointed back towards the defendant's home.
The little girl was subsequently placed in the foster care of Brenda Erwin through the Child Protection Agency. At the suggestion of agency personnel, Erwin had ordered a set of anatomically perfect dolls, male and female, for the emotional treatment of the child. The mother borrowed the dolls when custody was returned to her. Ms. Kelly testified that during a discussion with the little girl some two or three weeks before trial, she voluntarily brought the dolls to her mother and demonstrated what the defendant did to her. She placed the female doll on its back and placed the male doll on top of it. She pulled the pants down on the male doll and pulled the dress up and the pants down on the female doll. She then placed the penis of the male doll in the mouth of the female doll, and placed the hand of the male doll at the vagina of the female doll. She also had the male doll play with the breasts of the female doll.
After a competency examination of the child by the trial court outside the presence of the jury, she was placed on the witness stand and reaffirmed the testimony given by her mother, using the dolls to demonstrate to the jury what the defendant had done to her.
Dr. Meade O'Boyle, a pediatrician in Monroe, testified at trial that she had examined the child on February 25, 1983. According to her testimony, the child had a profuse vaginal discharge and redness and slight swelling of her vagina, although her hymen was intact. Dr. O'Boyle testified that the condition revealed by the physical examination was consistent with that of a child who has been sexually abused.
The defendant testified in his own behalf and denied the charges against him. The remainder of his defense consisted primarily of a number of character witnesses.
On rebuttal, the state introduced the testimony of two male foster children who had lived in the home of the defendant five years ago. Both boys testified that while they were staying in his home the defendant forced them to perform various sexual acts similar to those described by the complainant in this case.
The jury found the defendant guilty as charged by a vote of 11 to 1.
ASSIGNMENTS OF ERROR:
1) The trial court erred in allowing the testimony of the child's mother to be heard by the jury when such testimony was hearsay, and where the State had failed to establish a corpus delecti.
2) The trial court erred in allowing the testimony of the child's mother regarding any statements made at the district attorney's office where said statements were not subsequently introduced into evidence and said testimony laying a foundation for said statements merely prejudiced the jury.
3) The trial court erred in finding that the six-year-old child was competent to testify considering the contradictory nature of her answers during its interrogation and considering her age and the number of times she was educated in how the State desired her to testify.
4) The trial court erred in allowing the child to testify where the DA promised her that after said testimony she could go home and she had been educated several times as to what testimony the prosecution desired.
5) The trial court erred in failing to grant defendant's motion for mistrial considering that the child's testimony was so prejudicial that a mere admonition to the jury could not suffice to remedy the damage of inadmissible testimony.
6) The trial court erred in allowing Officer Richard Medares to testify regarding the arrest of the defendant herein, where such testimony served no purpose other than to prejudice the jurors.
7) The trial court erred in allowing the state to call David Kelly as its witness, *646 where the State failed to sound his name at the beginning of the trial.
8) The trial court erred in sustaining the state's objection to hearsay testimony of the child's father as to what the child told him where the Court had previously allowed the mother's testimony regarding statements by the child.
9) The trial court erred in allowing the state to present testimony regarding prior acts of the defendant on rebuttal, where there was no showing that defendant had ever been accused or convicted of molesting any children in the past, and no proper foundation had been laid for that testimony.
10) The trial court erred in allowing the testimony of the two foster children where they failed to identify the defendant as the same Mr. Kelly that they lived with several years prior to their testimony and where no corroborating evidence was offered to place them in his residence at that time.
ASSIGNMENT NO. 1:
By this assignment of error, the defendant asserts that the statements made by the child to her mother during their ride from the defendant's home to the Sheriff's Office constituted hearsay evidence, and thus were inadmissible. The defendant contends that the judge erred in overruling his hearsay objections, and that the testimony was clearly hearsay because it was offered to show the truth of the matters asserted therein and its value rested upon the credibility of the out-of-court asserter. The defendant further contends that the testimony does not come within the res gestae exception to the hearsay rule under the provisions of LSA-R.S. 15:447 and LSA-R.S. 15:448.
The Louisiana Supreme Court has long recognized an exception to the hearsay rule allowing admission of early complaints of rape victims. At times, the Supreme Court has characterized these first complaints of rape victims as constituting res gestae exceptions to the hearsay rule. See State v. Middlebrook, 409 So.2d 588 (La.1982); State v. Adams, 394 So.2d 1204 (La.1981); State v. Brown, 302 So.2d 290 (La.1974). In other cases, the Supreme Court has referred to such statements simply as early complaints of rape victims and ruled that they were admissible as such. See State v. Middlebrook, supra; State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Elzie, 351 So.2d 1174 (La.1977).
Additionally, the Supreme Court has previously recognized that in prosecutions for sex offenses the rule is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that it was a product of the shocking episode and not a fabrication. State v. Adams, supra; State v. Pace, 301 So.2d 323 (La.1974); State v. Noble, 342 So.2d 170 (La.1977). In Noble, the prosecutrix was a four year old child who made statements identifying the perpetrator to her grandmother a full two days after the offense. The statement was held admissible because the circumstances indicated that the statement was made at the first opportunity the child had to speak to a close family member.
In State v. Adams, supra, there was a lapse of approximately eight to ten hours between the offense and the victim's statement. The Court in Adams noted that the record reflected that the victim's statement was the first complaint by the child concerning the perpetrator of the rape. The Court also noted that it was the first opportunity for the child to state the person who was responsible for the injury and that there was no indication in the record that the child's statement was a product of a fabrication.
In the instant case, the record reflects that the statement made by the victim to her mother on the way to the Sheriff's Office had occurred within a short period of time from the sexual battery committed by the defendant. Ms. Kelly specifically testified that her daughter had told her that it had occurred "just a while ago." She also noted that the little girl was very *647 upset from the occurrence and the examination by the doctor who testified at trial also indicated that the child's physical condition was consistent with sexual abuse. The evidence does not indicate in any way that the child's account of the incident could possibly have been a fabrication considering her age.
Therefore, we find that the hearsay statements admitted by the trial court were admissible as res gestae statements or as the special hearsay exception for sexually abused children. This assignment of error is without merit.
ASSIGNMENT NO. 2:
By this assignment of error, the defendant asserts that the trial court erred in allowing questions of Ms. Kelly regarding statements made by her at the district attorney's and sheriff's office. We find this assignment of error to be without merit since there were no contemporaneous objections as required by La.C.Cr.P. Art. 841.
ASSIGNMENT NO. 3:
The defendant also contends that the trial court erred in finding that the six-year-old prosecutrix was competent to testify.
LSA-R.S. 15:469 provides as follows:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
When the State called the victim to testify at the trial, the trial judge retired the jury and conducted a competency hearing pursuant to LSA-R.S. 15:469 out of the jury's presence. The child was sworn and examined by the Court, the State, and the defendant. The victim indicated her age, what school she went to, and her teacher at school. She indicated to the Court that she understood this was a very serious matter and that she had to tell the truth. She further testified that she knew what it meant to tell the truth and what it meant to tell a lie and that she understood the importance of telling the truth in court. Based upon this testimony, the trial court ruled that the child was competent to testify.
The determination of the trial judge that a child witness is competent to testify is based upon the child's answers to questions testing her understanding and on the child's overall demeanor on the witness stand. State v. Humphrey, 412 So.2d 507 (La.1981). The determination of a trial judge, as to whether or not a child has the required sufficient understanding, is entitled to great weight because the trial judge has the advantage of seeing and hearing the witness. State v. Edwards, 420 So.2d 663 (La.1982); State v. Edwards, 419 So.2d 881 (La.1982); State v. Skipper, 387 So.2d 592 (La.1980). The trial judge has great discretion in determining the competency of a child witness, and his ruling will not be disturbed unless testimony brought up shows that the ruling was manifestly erroneous. State v. Arnaud, 412 So.2d 1013 (La.1982). The testimony of the child at the competency hearing clearly showed that she had sufficient understanding to be a witness. This conclusion is reinforced by the child's testimony before the jury. Therefore, we find that the ruling of the trial judge determining that the six year old victim was competent to testify is correct.
This assignment of error is without merit.
ASSIGNMENT NO. 4:
The defendant further urges that the trial court erred in allowing the prosecution to pose leading questions to the prosecutrix.
A leading question is ordinarily prohibited when propounded to one's own witness, unless such witness is unwilling or hostile. LSA-R.S. 15:277. However, an exception is usually made when questioning a young child. In State v. Francis, 337 So.2d 487 (La.1976) the Supreme Court noted that a trial judge, when the need appears, *648 will ordinarily permit leading questions to children, or to witnesses so ignorant, timid, weak-minded, or deficient in the English language, that they cannot otherwise be brought to understand what information is sought. It is recognized, especially as to children, that in these cases the danger of false suggestion is at its highest, but it is better to face that danger than to abandon altogether the effort to bring out what the witness knows.
Francis was cited in State v. Bolton, 408 So.2d 250 (La.1982), wherein the Supreme Court further noted that notwithstanding the general rule against leading questions, the matter is largely within the discretion of the trial court and in the absence of palpable abuse of that discretion resulting in prejudice to the accused, a finding of reversible error is not warranted, citing State v. Fallon, 290 So.2d 273 (La.1974); and State v. Hollingsworth, 160 La. 26, 106 So. 662 (1925).
In the present case, the victim was five years old at the time of the crime and six years old at the time of the trial. A review of the questions propounded to her does not reveal that they were overly suggestive. The record also reflects that the child was extremely timid and did not wish to discuss the occurrence. Considering the child's age and the subject matter, it is understandable that she was unable to answer questions which were not leading. Therefore, the trial court correctly allowed leading questions of the child victim.
This assignment of error lacks merit.
ASSIGNMENT NO. 5:
By this assignment, defendant contends that it was error for the trial court to allow the victim to affirmatively indicate that she had been similarly abused by the defendant on other occasions prior to the one under discussion at trial. He urges that this testimony was improper because it constitutes evidence of other crimes and was elicited by a leading question. He moved for a mistrial on these grounds, and now contends the trial court's denial of that motion was in error.
Evidence of other crimes related to the offense with which a defendant is charged is inadmissible unless it fits with certain special exceptions. State v. Acliese, 403 So.2d 665 (La.1981). Aside from related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana statutes provide for three exceptionsacts relevant to show intent, knowledge or system. La. R.S. 15:445, and La.R.S. 15:446. Louisiana Courts have also recognized certain other exceptions including the admissibility of prior sex crimes committed against the same prosecutrix. State v. Acliese, supra; State v. Morgan, 296 So.2d 286 (La.1974).
Additionally, the State served notice on the defendant in its answer to motion for discovery that it intended to offer evidence of prior sex crimes committed by the defendant upon the victim under the authority of La.R.S. 15:445 and 15:446. Therefore, the trial court correctly denied defendant's motion for mistrial.
As previously discussed in assignment of error no. 4, this Court has determined that leading questions of children are proper and admissible. Therefore, the defendant's objection concerning the leading nature of the State's question is without merit.
ASSIGNMENT NO. 6:
The defendant also urges that the trial court erred in allowing the State to question Officer Richard Medares concerning defendant's arrest. He contends this testimony was irrelevant and the state sought to prejudice defendant by showing that the individual on trial was arrested by an officer of the law, implying to the jury that he was guilty. Therefore, the defendant asserts that this action violated the provisions of Art. I, § 16 of the Louisiana Constitution of 1974 guaranteeing each individual the right to an impartial trial.
At trial, after defense counsel objected to the testimony of Officer Medares on the basis that the evidence was irrelevant to the present case, the State indicated that it had no further questions of the witness and defense counsel did not *649 cross-examine. The testimony of Officer Medares basically consisted of the fact that he was the arresting officer and that he had given the defendant Miranda warnings. Because of the minimal amount of testimony before objection, we fail to see that defendant sustained any substantial prejudice even if the testimony was irrelevant.
There is no merit to this assignment.
ASSIGNMENT NO. 7:
This assignment of error has not been briefed and thus will be considered abandoned.
ASSIGNMENT OF ERROR NO. 8:
By this assignment of error, the defendant asserts that the trial court erred in sustaining the State's objection to hearsay testimony by the father of the victim as to what she had told him, while allowing the mother's hearsay testimony regarding the child's statements to her.
As indicated in assignment of error no. 1, the Supreme Court has previously recognized that in prosecutions of sex offenses, the rule is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that it was a product of the shocking espisode and not a fabrication. State v. Adams, supra; State v. Pace, supra; State v. Noble, supra. The statements made to the victim's father were clearly not the original complaint of the young child and therefore do not meet the exception provided by these cases. When the father was asked if he made an investigation after being informed of the child's accusation against defendant by the mother, he stated that he asked the child about it. The court sustained the state's objection to the question being answered on the basis that it would be hearsay.
Defendant does not argue that this testimony was offered to show prior inconsistent statements of the victim nor was any attempt made to lay a foundation for such a purpose. Therefore, the trial court correctly excluded this testimony.
ASSIGNMENTS OF ERROR NUMBERS 9 AND 10
These final assignments of error concern the admission of rebuttal testimony showing prior acts of sexual abuse of young children by the defendant. The defendant contends the testimony of the two foster children constituted improper rebuttal.
Rebuttal evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party. La.R.S. 15:282. State v. Huizar, 414 So.2d 741 (La.1982); State v. Constantine, 364 So.2d 1011 (La.1978). Such evidence may be used to strengthen the state's original case. State v. Huizar, supra; State v. Howard, 120 La. 311, 45 So. 260 (1908). The determination of whether evidence is rebuttal evidence and hence, admissible, is an issue which is addressed to the sound discretion of the trial judge. State v. Huizar, supra; State v. Green, 390 So.2d 1253 (La.1980).
In response to direct examination by defense counsel, defendant asserted that he had never sexually molested anyone. The testimony of the defendant, in pertinent part, was as follows:
Q. But its your testimony here today under oath that you never have sexually molested your granddaughter?
A. Did she testify today
Q. I am saying its your testimony under oath and before God that you've never sexually molested your granddaughter?
A. As God as my judge and soon coming King, I have nevernever touched any of my children, none of them, or anyone else's. That's what you want?
Immediately on cross-examination the defendant was again asked if he had ever molested anyone's children. The defendant's statement is as follows:
Q. Mr. Kelly, let me go back to the last thing you said. You say that you've never molested anyone's children?
A. Never one, no one.
*650 After the defendant's testimony, the state adduced testimony in rebuttal from the two former foster children of the defendant to contradict his statement that he had never molested anyone's children. The trial court determined that the evidence was admissible on the basis that the defendant had "opened the door" to such evidence by his statement at the end of his testimony on direct examination that he had never sexually molested anyone.
The prosecution has the right to rebut the evidence adduced by the defendant. La.R.S. 15:282. However, this right is not unlimited in scope. The general rules of evidence also have application to determine the proper scope of cross-examination and rebuttal testimony. State v. Constantine, supra. The evidence must be relevant to a material issue in dispute. Matters which are logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses. State v. Herman, 358 So.2d 1282 (La.1978); State v. Moore, 278 So.2d 781 (La.1973).
Generally, evidence of other acts of misconduct is not admissible. The introduction of such evidence merely to prove that the defendant is a "bad man" involves constitutional problems because of the danger that a defendant might be tried for a charge of which he has had no notice, for which he is unprepared, and which unfairly prejudices him in the eyes of the jury. State v. Kahey, 436 So.2d 475 (La.1983); State v. Goza, 408 So.2d 1349 (La.1982); State v. Prieur, 277 So.2d 126 (La.1973).
An exception to the general rule of inadmissibility may exist where the state seeks to introduce evidence of other crimes for some substantially relevant purpose other than to show that the defendant is guilty because he is a man of general criminal character. State v. Harris, 383 So.2d 1 (La.1980); State v. Sutfield, 354 So.2d 1334 (La.1978). Once a determination is made that the other crimes evidence is presented for a substantially relevant purpose, the court then has the obligation to balance the probative value of the evidence against its prejudicial effect before the evidence can be admitted. State v. Germain, 433 So.2d 110 (La.1983); State v. Humphrey, 412 So.2d 507 (La.1982).
In the present case, the defendant placed the question of any prior acts of sexual misconduct with persons other than the victim at issue by his assertive statement on direct examination that he had never molested anyone. Contradiction is one means of rebutting the testimony of a witness. State v. Banks, 307 So.2d 594 (La.1975). Thus, since the evidence presented by the defendant is subject to rebuttal by the state, and the defendant himself opened up the issue of his prior sexual history, the testimony regarding prior misconduct presented on rebuttal was clearly relevant. In weighing the probative value of this testimony against its prejudicial effect, we find that the boys' testimony was presented for the substantially relevant purpose of disproving a voluntary self-serving assertion by the defendant. This value outweighs whatever prejudicial effect the evidence had upon the defendant's case. We therefore discern no merit to these assignments of error.
For the foregoing reasons, the conviction is affirmed.
AFFIRMED.