465 So.2d 820 (1985)
STATE of Louisiana, Appellee,
v.
Mark A. SCROGGINS, Appellant.
No. 16733-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Rehearing Denied March 27, 1985.
*821 Stephen A. Glassell, Shreveport, for appellant.
*822 William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Gary Parker and John Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
The defendant, Mark Scroggins, was charged by bill of information with illegally discharging a weapon in violation of 14:94. Trial was subsequently held before a six person jury which found the defendant guilty of "attempted illegal use of weapons." Defendant then filed a motion for new trial and motion in arrest of judgment, which were denied. The defendant was sentenced to serve one year at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed, making seven assignments of error.
For the reasons set forth below, the defendant's assignments of error are found to be meritless and his conviction and sentence are affirmed.

FACTS
The defendant's arrest followed a shooting outside the Xanadu Lounge in Shreveport on September 16, 1983. The prosecution offered evidence that the defendant shot at Donald Wilson with a rifle. Wilson identified Scroggins as the person who shot at him and this testimony was corroborated by Donald Brossette, another witness for the prosecution.
The defense asserted by the defendant was that the rifle was not fired by the defendant but rather by Effren Shine. The defendant presented three witnesses, including Shine himself, who stated that Shine and not Scroggins was the person who shot the rifle.

ASSIGNMENTS OF ERROR
The defendant filed the following assignments of error:
1. The trial court erred in sustaining the State's objection to Phillip Scroggins, the father of defendant, testifying fully about the facts occurring at the time of defendant's arrest on October 26, 1983.
2. The trial court erred in not allowing defendant to reopen the defense case and recall Effren Shine as a defense witness.
3. The trial court erred in allowing Assistant District Attorney Gary Parker to testify about the nature and extent of Effren Shine's testimony at a prior trial involving Mark Scroggins as the defendant.
4. The trial court erred in instructing the jury that attempted illegal use of weapons was a responsive verdict to a charge of illegal use of weapons.
5. The offense of attempted illegal use of weapons is not a lesser and included grade of the offense of illegal use of weapons.
6. The verdict of attempted illegal use of weapons is not responsive to the Bill of Information and does not form the basis for a valid judgment.
7. The trial court erred in denying the motion for a new trial and a motion in arrest of judgment.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant contends that the trial court erred by not allowing Phillip Scroggins, the father of the defendant, to testify concerning the facts of the defendant's arrest. The State objected to the testimony on the basis that it would be hearsay. Defense counsel contended that the testimony would be admissible as part of the res gestae.
The shooting occurred on September 16, 1983. The defendant was not arrested until six weeks later on October 26, 1983.
Defense counsel contends that he was attempting to show that the police arrested the defendant and charged him with attempted murder in an effort to protect Officer R.E. Barnes from a suit for false arrest. Defense counsel contends that by denying Phillip Scroggins the opportunity to testify about the way the police treated the defendant at the time of the arrest, the *823 jury was deprived of crucial evidence necessary to fully evaluate the defense claim that defendant was not guilty and would not have been charged but for the efforts of one police officer trying to protect another police officer from a lawsuit. Defendant contends that had the police officers considered the complaint of the shooting on September 16, 1983 to be serious, they would not have waited until October 26, 1983 to make an arrest. Additionally, defendant contends that if there had not been an encounter between the defendant and Officer Barnes on October 26, 1983, then the police might not have ever taken any action on the shooting complaint.
What forms any part of the res gestae is always admissible as evidence. Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, compulsive, and spontaneous words and acts of the participants. To constitute res gestae, the circumstances and declarations must be a necessary instance of the criminal acts, or immediate concomitance of it, or form in connection one continuous transaction with it. LSA-R.S. 15:447 and 448; State v. Green, 448 So.2d 782 (La.App. 2d Cir.1984).
The defendant's arrest was not part of a continuous chain of events pertaining to the crime charged, nor was it an incident or immediate concomitance of the criminal act. The defendant's arrest did not occur until six weeks after the crime was alleged to have occurred. Therefore, the circumstances of the arrest and declarations made by police officers at that time were not part of the res gestae. Further, testimony relating to improper police motives in making the arrest would be irrelevant in that it would not tend to prove a fact at issue in the case, i.e., bearing on the guilt or innocence of the defendant of the offense charged.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends that the trial court erred in not allowing the defendant to reopen his defense by recalling Effren Shine as a witness.
Shine was called by the defendant and testified that it was he who did the shooting and not the defendant. During cross-examination by the State, Shine denied that he had ever before had to explain that the person someone saw was not Mark Scroggins but was him, and denied that he had ever testified at a trial or in the Caddo Parish Courthouse. The defense then rested. After a short recess and a conference between the attorneys and the court, the court announced that it would allow the assistant district attorney to testify on the State's rebuttal concerning a previous appearance in court by Shine. Defense counsel objected to that ruling on the basis that such testimony would present other crime evidence and the objection was noted. Defense counsel then moved to reopen the defense case for the purpose of recalling Shine to show that he was confused about the prosecution's questions and for him to admit that he testified in court the previous week. The State objected because the defense had rested and the case was then on rebuttal by the State. The court refused to allow the defense motion to reopen.
On rebuttal, the State offered the testimony of Assistant District Attorney Gary Parker. Parker testified that on the previous week he had observed Shine testifying on behalf of the defendant in another proceeding in the same courtroom, and the subject of the testimony was a mistake in identity between him and Mark Scroggins.
The prosecution has the right to rebut the evidence adduced by the defendant, but the defendant is without the right to rebut the prosecution's rebuttal. LSA-R.S. 15:282. However, the court in its discretion may permit the introduction of additional evidence prior to argument. LSA-C. Cr.P. Art. 765. State v. Birdsong, 452 So.2d 1236 (La.App. 2d Cir.1984). The recalling of a witness lies within the sound discretion of the trial judge. State v. Bias, 337 So.2d 426 (La.1976).
*824 Defense counsel had ample opportunity to question his witness on redirect examination in order to clear up any confusion resulting from the prosecution's cross-examination, but chose not to do so. The record reflects that the questions directed to Shine concerning his prior court appearances were clear and that Shine's denial of those appearances were also clear, giving no reason to believe the witness was confused or misunderstood the questions. Defense counsel's motion to reopen came after the State's rebuttal had commenced and after a ruling on whether the State's rebuttal witness would be allowed to testify, although before the witness testified. The denial of the defense motion allowed the trial to continue in the prescribed statutory order. The defense was attempting, in effect, to rebut the State's declared rebuttal evidence, which is not permitted. There was no abuse of the trial court's discretion. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the trial court erred in overruling defendant's objection to the testimony of Assistant District Attorney Gary Parker that the prior proceeding in which Shine testified was a proceeding involving the defendant and that Shine has testified for the defendant. Defendant contends that this testimony referred to other crimes and the bad character of the defendant. Defendant contends that a reference to other crimes is inadmissible as impeachment evidence.
Generally, evidence of other acts of misconduct is not admissible. The introduction of such evidence merely to prove that the defendant is a "bad man" involves constitutional problems due to the danger that a defendant might be tried for a charge of which he has had no notice, for which he is unprepared, and which unfairly prejudices him in the eyes of the jury. State v. Kahey, 436 So.2d 475 (La.1983); State v. Prieur, 277 So.2d 126 (La.1973); State v. Kelly, 456 So.2d 642 (La.App. 2d Cir.1984).
Evidence of the defendant's prior crimes may be admitted when it has a relevancy independent of establishing his criminal disposition. Whenever the other crimes evidence is relevant for some purpose other than to show that the accused is a bad man and thus more likely to have committed the crime with which he is charged, the rule of exclusion is inapplicable, and the evidence is admissible if its probative value outweighs its possible prejudicial effect. State v. Ervin, 340 So.2d 1379 (La.1976); State v. Jenkins, 456 So.2d 174 (La.App. 2d Cir.1984).
In the present case, defendant's witness, Effren Shine, denied ever having been in court and testifying in a prior proceeding. The State offered the testimony of the Assistant District Attorney to rebut Shine's statement and to impeach the witness. Specifically, the Assistant District Attorney contradicted Shine's testimony by stating that he had observed Shine testifying on behalf of the defendant in a prior proceeding.
Contradiction is one means of rebutting the testimony of a witness. State v. Banks, 307 So.2d 594 (La.1975); State v. Kelly, supra. The State has the right to rebut the evidence adduced by the defendant. LSA-R.S. 15:282. Thus, the testimony of Shine was subject to rebuttal by the State.
Further, the Assistant District Attorney made no reference to the nature of the prior proceeding involving the defendant. The reference by the Assistant District Attorney to the other proceeding was not a clear reference to other crimes. Further, the possible prejudicial effect of the evidence was outweighed by the probative value of the testimony.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 4, 5, 6, and 7
By these assignments, the defendant contends that the jury's verdict of attempted illegal discharge of a weapon was not a *825 proper responsive verdict to the offense charged, illegal discharge of a weapon under LSA-R.S. 14:94. The defendant contends that attempt is not a responsive verdict to the offense charged.
LSA-C.Cr.P. Art. 814 sets forth specific responsive verdicts for certain enumerated offenses. Illegal use of weapons is not listed under Art. 814. LSA-C.Cr.P. Art. 815 provides that:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser or included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not guilty.
Under LSA-R.S. 14:27 C, an attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
Illegal use of weapons or dangerous instrumentalities under LSA-R.S. 14:94 is the intentional or criminally negligent discharging of any firearm or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being. Defendant contends that there can be no attempt to do a negligent act. However, the State's case did not rely upon the criminal negligence portion of LSA-R.S. 14:94. It was the State's position that the defendant intentionally committed the crime charged.
Article 815 provides that a verdict is responsive if the defendant is found guilty of a lesser and included grade of the offense. Under LSA-R.S. 14:27 C, attempt is a separate but lesser grade of the intended crime. Therefore, the verdict of attempted illegal use of weapons in the present case was responsive to the offense charged. These assignments of error are without merit.

DECREE
Finding no merit to defendant's assignments of error, the conviction is affirmed.
AFFIRMED.