671 So.2d 21 (1996)
STATE of Louisiana
v.
Andrew PRATT.
No. 95-KA-762.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1996.
*22 John M. Mamoulides, District Attorney, Terry M. Boudreaux, Asst. District Attorney, Gretna, for plaintiff-appellee.
Linda Davis-Short, Staff Appellate Counsel, Indigent Defender Board, Gretna, for defendant-appellant.
GAUDIN, WICKER and James L. CANNELLA, JJ.
GAUDIN, Judge.
Andrew Pratt was convicted of violating LSA-R.S. 14:67(B)(2), theft of property valued at over $100.00 but less than $500.00. He was sentenced to 24 months at hard labor with credit for time served. Pratt was tried before a six-person jury in the 24th Judicial District Court. We affirm the conviction and sentence.
Pratt alleges four district court errors:
(1) the evidence was insufficient,
(2) the sentence was excessive,
(3) the trial judge wrongly allowed hearsay evidence and
(4) he (Pratt) was not advised of the prescriptive period for filing for post-conviction relief.
Also, appellant asks for an examination of the record for possible errors patent.
Only (4) above has merit. The other assignments of error have no reversible substance and there are no errors on the face of the record.

ASSIGNMENT NO. 1
Pratt contends that the evidence was not sufficient; specifically, he argues that it was not proven beyond a reasonable doubt that he stole a gun belonging to Terry Tourelle on the night of September 27, 1994.
On that evening, Michelle Tourelle, Terry's daughter, was in the Tourelle residence in *23 Waggaman, Louisiana, with her boyfriend, Zack Brugik, and Pratt. Michelle showed the two men her father's semi-automatic hand gun. Pratt, according to Michelle, appeared to be extremely interested in the weapon.
A short time later, Michelle and Brugik went swimming and then took a shower together, leaving Pratt elsewhere in the house. As soon as Michelle and Brugik dressed, Brugik and Pratt left. Pratt seemed anxious to leave, Michelle said. Michelle then looked for the gun and found it missing.
Several nights later, following a street disturbance in the 200 block of Helis Drive in Waggaman, Pratt was seen by Jessie Springspeand placing the weapon in a pickup truck, where it was recovered by a police officer. Michelle identified the gun as her father's.
Pratt testified that he had neither taken the gun nor placed it in the truck; the jury, however, did not believe him. Springspeand said that she was approximately five feet from Pratt when she saw him place the weapon in the truck. According to Michelle's testimony, nobody but Pratt could have taken the gun from the Tourelle residence.
If the jurors believed Michelle and Springspeand, as obviously they did, this circumstantial evidence excludes every reasonable hypothesis of innocence as required by LSA-R.S. 15:438. It is not the function of an appellate court to reevaluate credibility of witnesses once the trier of fact has made a determination of guilt based on sufficient evidence, direct and/or circumstantial.

ASSIGNMENT NO. 2
Pratt, 41 years of age, was a second felony offender with an extensive juvenile record. He was on parole when the instant crime occurred. The sentence here was not excessive.

ASSIGNMENT NO. 3
In this assignment, Pratt contends that inadmissible hearsay evidence, which did not fall into one of the exceptions, was introduced during the testimony of Michelle Tourelle. The state contends that this evidence was elicited only after defense counsel first addressed the evidence during Michelle's cross-examination about Pratt's statement made during a telephone conversation.
During Michelle's cross-examination, the following colloquy occurred:
Q. Okay. And I believe you said you discovered the gun was missing after Zack and Andrew left?
A. Yes.
Q. And Zack is your boyfriend.
A. Not no more. He was.
Q. Okay. Did you speak to him the next day about the gun missing?
A. Yes. And hesee, this ishe put Andrew on the speaker phone and Andrew didn't know that I was in the room. And Zack said, "When you going to handle that issue?"
Q. Okay. Did you tell the police that he was on the speaker phone?
A. No.
Q. Okay.
A. Zack asked Andrew, "When you going to handle getting that." He didn't say getting the gun back. He said, "that issue." And Andrew said, "I'm handling it. I'm going to get it back." Because Andrew said he sold the gun.
The following exchange occurred when the prosecuting attorney was questioning Michelle on redirect:
Q. Okay. I want to call your attention to and know the date of the phone call in which you were on the speaker phone with Zack and Andrew.
A. Yeah. Okay.
Q. Okay. When did that conversation take place?
A. Like the day after the gun was stolen, on the next day.
Pratt's counsel objected but he had initiated the questioning about the telephone conversation, thereby permitting the prosecutor to question Michelle about when the conversation had taken place. Also, this evidence was cumulative. The trial judge did not err in admitting this evidence.
*24 In State v. Moseley, 587 So.2d 46 (La.App. 2 Cir.1991), writs denied at 589 So.2d 1066 (La.1991), the court said at page 55 and 56:
"... the defendant, during cross-examination of Detective Padgett, engaged in additional questioning regarding Widenhouse's statement. This further `opened the door' on this issue and entitled the state to more fully explore this area on redirect examination. See State v. Smith, 513 So.2d 438 (La.App.2d Cir.1987); State v. Kelly, 456 So.2d 642 (La.App. 2 Cir. 1984), writ denied, 461 So.2d 312 (La.1984). The trial court therefore correctly overruled the defendant's hearsay objection during the state's redirect examination of Detective Padgett.
"... any references to Widenhouse's statements during the defendant's testimony were merely cumulative of the evidence of Widenhouse's statement which the jury had heard during Detective Padgett's testimony. Even if this was hearsay, inadmissible hearsay which is merely cumulative or corroborative of other testimony adduced a trial is considered harmless. State v. Spell, 399 So.2d 551 (La.1981); State v. McIntyre, 381 So.2d 408 (La.1980), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980)."

ASSIGNMENT NO. 4
Because LSA-C.Cr.P. art. 930.8 was not followed, we remand to the trial court for written notice to be sent to Pratt advising him of the three-year deadline for filing for post conviction relief. Written proof that Pratt received such notice must be placed in this record.
CONVICTION AND SENTENCE AFFIRMED. REMANDED FOR COMPLIANCE WITH LSA-C.Cr.P. art. 930.8.