979 So.2d 486 (2008)
STATE of Louisiana
v.
Ashleigh THORNTON.
No. 2008-KK-0272.
Supreme Court of Louisiana.
April 18, 2008.
PER CURIAM.
Granted. The order of the court of appeal is vacated, the trial court's ruling *487 on the admissibility of other crimes evidence is reinstated, and this case is remanded for further proceedings.
Defendant made an issue of her relationship with Joe Wong and Polynesian Joe's at the outset of this case by informing the police following her arrest and recovery of a handgun concealed under the front seat of her car, that the weapon belonged to her friend and owner of Polynesian Joe's, Joey Wong, who she had known for a long time, and for whom she worked. To the extent that the statement had an exculpatory cast, tending to disassociate defendant from the weapon which, in fact, belonged to Joe Wong, and associating it with the business of Polynesian Joe's, evidence that the gun had fired the bullet which took Wong's life and that defendant had been seen outside Polynesian Joe's only 45 minutes before her arrest on the same day Wong's body was then found by his co-workers is relevant to the question whether defendant exercised dominion and control over the weapon with knowledge that it was concealed in her car. State v. Mose, 412 So.2d 584, 585 (La.1982)(constructive possession of a firearm may satisfy the possessory element of R.S. 14:95.1); State v. Constantine, 364 So.2d 1011, 1014 (La.1978)("Matters which are . . . logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses."); cf. Old Chief v. United States, 519 U.S. 172, 188-89, 117 S.Ct. 644, 654, 136 L.Ed.2d 574 (1997)("[B]eyond the power of conventional evidence to support allegations and give life to the moral underpinnings of law's claims, there lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be. . . . [J]urors asked to rest a momentous decision of the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.").
However, if the trial court grants defendant's motion to suppress her statement, the court should reweigh the probative value of the evidence relating to Joey Wong's death against its potential prejudicial impact. La.C.E. art. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or waste of time.").
CALOGERO, C.J., recused.