486 So.2d 327 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Donald G. FEAZELL, Defendant-Appellant.
No. CR 85-730.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
Writ Denied July 1, 1986.
*329 Ricky Sooter, Provosty & Sadler, Alexandria, for defendant-appellant.
T. Gerald Henderson, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before KNOLL, KING and BRUNSON,[*] JJ.
KNOLL, Judge.
Defendant was indicted by the grand jury for the aggravated rape of a seven year old girl, a violation of LSA-R.S. 14:42. After trial by judge, defendant was convicted of sexual battery, a violation of LSA-R.S. 14:43.1. Defendant received a suspended sentence of three years active supervised probation with special conditions, to include a sentence of one year in the parish jail subject to work release. Defendant appeals, urging six assignments of error. We affirm.

FACTS
Defendant, 25 years of age, allegedly sexually abused the seven year old victim on four occasions. The victim testified that defendant touched her genitalia with his hands and with a vibrator, that he forced her to engage in reciprocal oral sex, and that he had sexual intercourse with her on the night of November 6, 1983.
The victim's mother attended LSU-Alexandria with defendant and his wife; they were all friends. On November 6, 1983, the victim spent the night at defendant's home with defendant's son and daughter who, at that time, were ages four and three respectively. Defendant's wife was at work and defendant was babysitting the three children when the incident allegedly occurred. Afterward the victim told one of her second grade classmates about the incident; the classmate told her mother, who in turn told the victim's mother. The victim's grandmother reported the incident to the Child Protection Agency.
The victim was examined by Dr. Alphonso Pacheco, a pediatrician, on November 19, 1983, and by Dr. Brenda Seiler, a gynecologist, on November 22, 1983. Dr. Pacheco found the victim's hymen was not intact and that it had been dilated or torn at some point in the past, but concluded that an adult penis could not have penetrated the victim's organs during the several months preceding the examination. Dr. Seiler found that there was penetration, possibly by a penis, finger, or some other object, and that the victim's hymen was definitely torn. Upon request by the Department of Health and Human Resources, Dr. Milton Rhea, a psychologist, conducted a video tape interview with the victim in December 1983.

ASSIGNMENTS OF ERROR ONE AND TWO
Through these assignments defendant contends the trial court erred in admitting into evidence the videotape statement of the victim because it was not competent evidence since it failed to comply with LSA-R.S. 15:440.4(A)(3) and (5), and further, that it violates his right of confrontation under the United States and Louisiana constitutions. We disagree.
LSA-R.S. 15:440.4 provides in pertinent part:
"A. A videotape of a child fourteen years of age or under may be offered in evidence, either for or against a defendant charged with the rape or physical or sexual abuse of a child. To render such a videotape competent evidence, it must be satisfactorily proved:
(1) That such electronic recording was voluntarily made by the victim of the physical or sexual abuse.
(2) That no relative of the victim of the physical or sexual abuse was present in the room where the recording was made.
(3) That such recording was not made of answers to interrogatories calculated to lead the child to make any particular statement.

*330 (4) That the recording is accurate, has not been altered, and reflects what the witness or victim said.

(5) That the taking of the child's statement was supervised by a physician, a board-certified social worker, a law enforcement officer, or an authorized representative of the Department of Health and Human Resources."
Defendant complains that the videotape was not competent evidence since it contained leading questions in violation of Subsection (3). Leading questions are ordinarily prohibited when propounded to one's own witness unless such witness is unwilling or hostile. LSA-R.S. 15:277. However, it is well settled that an exception is usually made when questioning a young child. State v. Kelly, 456 So.2d 642 (La. App. 2nd Cir.1984), writ denied, 461 So.2d 312 (La.1984); State v. Kahey, 436 So.2d 475 (La.1983); State v. Bolton, 408 So.2d 250 (La.1981); State v. Francis, 337 So.2d 487 (La.1976). Furthermore, notwithstanding the general rule against leading questions, the matter is largely within the discretion of the trial court and in the absence of palpable abuse of that discretion resulting in prejudice to the accused, a finding of reversible error is not warranted. State v. Kelly, supra; State v. Francis, supra.
In the present case, the trial court acknowledged that some of Dr. Rhea's questions were leading, but commented: that they were dealing with a seven year old child; that Dr. Rhea is not an attorney; and that even an attorney would be permitted under some circumstances to lead an infant witness. In response to objections by defense counsel, the trial court stated:
"... I noticed that too in viewing the tape, I think there was [sic] some possibly leading questions, and we wouldn't expect a layman to be able to phrase questions ... that would be admissible in the face of all the rules of evidence, however ... there were a few leading questions, which I ... consider ... not to be too important, or to be rather harmless, but there was that one incident that counsel mentioned where the questioner actually did lead the child into answering the question that he wanted answered, and I am going to sustain that objection, the one that counsel mentioned, that is about the motioning with his hand. That will be sustained. The others, if there are any others, are overruled on the objection of leading questions."
We have carefully reviewed the child's testimony from the videotape interview and agree with the trial court that the leading questions would constitute harmless error, especially since the defense viewed the videotape prior to trial and cross-examined the child during trial.
Defendant further contends that R.S. 15:440.4(A)(5) was violated because Dr. Rhea is not a physician, a board-certified social worker, a law enforcement officer, or an authorized representative of the Department of Health and Human Resources (DHHR). The record clearly reflects that Dr. Rhea has a contractual relationship with DHHR whereby he conducts psychological video examinations of children who are victims of physical or sexual abuse. Thus, we find Dr. Rhea constitutes a person who is an authorized representative of DHHR.
Defendant further contends that introduction of the videotape violated his constitutional right of confrontation. LSA-R.S. 15:440.5, which governs admissibility of videotapes of children, provides in pertinent part:

"B. The admission into evidence of the videotape of a child as authorized herein shall not preclude the prosecution from calling the child as a witness or taking the child's testimony outside of the courtroom as authorized in R.S. 15:283. Nothing in this Section shall be construed to prohibit the defendant's right of confrontation." (Emphasis added.)
Defendant filed a motion to suppress the videotape on the grounds that it violated his constitutional right of confrontation. *331 After a hearing, the trial court denied the motion. The defendant maintains his constitutional right of confrontation was violated by the videotape. The statute specifies that "Nothing in this Section shall be construed to prohibit the defendant's right of confrontation." The State offered the videotape in evidence as the direct testimony of the child and, at the conclusion of the videotape, tendered the child in person for cross-examination by defendant. The record reflects that the videotape was conducted in full compliance with R.S. 15:440.5. Defense counsel thoroughly cross-examined the child. Further, it was stipulated that defense counsel, upon the State's request, viewed the videotape prior to trial. Under these circumstances, we find the defendant's constitutional right of confrontation was not violated since he was given an opportunity to cross-examine the witness against him.
These assignments of error lack merit.

ASSIGNMENT OF ERROR THREE
Defendant contends the trial court erred in failing to apply LSA-R.S. 14:43.1 as it existed at the time of the offense. R.S. 14:43.1 provides:

"A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.

C.Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years." (Emphasis added.)

The underscored portions were added by the 1984 amendment to the statute. Defendant asserts that the trial court convicted him solely on the basis of the child's age and that the verdict made no reference to defendant placing the victim in fear of receiving bodily harm, which was required in order to convict him.
In the instant case, the record is void of any evidence indicating that the trial judge considered only the victim's age as opposed to evidence of the victim's fear of receiving bodily injury. Defendant argues facts not supported by the record. We cannot consider evidence not in the record, and further, we cannot assume the existence of error. The party urging error bears that burden of proof. This assignment is without merit.

ASSIGNMENT OF ERROR FOUR
Defendant contends that the State failed to present sufficient evidence to prove each and every element of sexual battery beyond a reasonable doubt. We disagree.
When appellate courts review a conviction for sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The elements of sexual battery as it was defined at the time of the offense are: (1) the touching of the anus or genitals of the victim by the offender or of the offender by the victim; and (2) the offender placing the victim in fear of receiving bodily harm. The trial judge concluded that although he was not convinced that *332 the victim's anus or vagina had been penetrated, he was convinced beyond a reasonable doubt that some touching occurred. It is undisputed that the child's hymen was torn or dilated by something. The child testified that defendant touched her genitalia with his hands and with a vibrator, that he forced her to engage in reciprocal oral sex, and that he had sexual intercourse with her. The child further testified that she observed blood on her panties after the alleged incident of November 6, 1983. The child's mother corroborated her testimony, stating that she noticed a brown stain on the child's underwear when the child returned from spending the night at defendant's residence. Furthermore, the child had a vaginal infection commonly associated with sexual activity.
The record contains sufficient evidence to conclude that the victim was placed in fear of receiving bodily harm. The child testified that defendant threatened her with a belt and told her that her mother would whip her if she told anyone about the incidents. She did not tell her mother because she feared her mother would whip her. The child testified that defendant lay on top of her and prevented her from escaping. The child's mother acknowledged that she gave defendant permission to spank the child if she disobeyed him. Further, Dr. Rhea testified that the child has repeated nightmares and fears about the incidents of sexual abuse. He opined that the victim had an underlying depression and entertained suicidal ideas, and he predicted the child will have many emotional problems.
We conclude that the record contains sufficient evidence for any rational trier of fact to find the essential elements of sexual battery beyond a reasonable doubt; therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR FIVE
Through this assignment, defendant objects to the trial court's reliance on the testimony of Dr. Rhea in determining the truthfulness of the victim's testimony.
At issue are the following comments made by the trial court:

"There are some other matters about this case that disturbed the court. The types of information that the child possibly had available to her in the ... at home. There was evidence about HBO movies and about Penthouse magazines and things of that nature which the court has difficulty in separating or distinguishing what part of the child's testimony was real, or what part came from her imagination, based upon those matters which I just mentioned. I do believe, however, that something happened on November the 6th. I think that the evidence convinces beyond a reasonable doubt that there was some sort of play that took place between the defendant and the child. There was her testimony to the effect that a vibrator was used, that defendant's hand or finger was used and that there was some oral play between him and the child.

I would discount all of that also if it were not for the fact that the psychologist seem [sic] to think that the statements made by the child were based upon real experience. He gave me the impression that he believed her after interviewing her and therefore, I feel that a responsive verdict is ... which is justified in this case is sexual battery, and I, therefore, find the defendant guilty of sexual battery."
On the basis of these comments, defendant contends that the trial court allowed Dr. Rhea to determine defendant's guilt or innocence. We disagree. The trial court's conclusion concerning the credibility of witnesses is entitled to great weight and cannot be disturbed on appeal unless clearly erroneous. State v. Washington, 364 So.2d 949 (La.1978). Because it is the role of the fact finder to weigh the respective credibilities of the witnesses, an appellate court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson v. Virginia standard of review. State *333 v. Jenkins, 456 So.2d 174 (La.App. 2nd Cir.1984), writ denied, 460 So.2d 1043 (La. 1984).
Although the trial judge, as fact finder, is the sole judge of the credibility of witnesses, nothing prevents the judge from evaluating the victim's credibility in light of expert testimony. After a careful review of the record, we find no manifest error in the trial court's factual determinations concerning the victim's credibility nor do we find improper reliance on the expert testimony; therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR SIX
Defendant contends the trial court erred in allowing the State's rebuttal witness to testify with respect to irrelevant hearsay statements and actions made by defendant's children in Dr. Rhea's office.
The State's rebuttal witness, Carolyn Fields, was employed with the Crisis Intervention Unit and investigated the instant case. Fields testified that defendant's children had knowledge of the existence of a cylindrical vibrator. Since the victim alleged that defendant used a cylindrical vibrator in the commission of the crime and defendant denied the existence of such a vibrator, the testimony is relevant. Fields testified that defendant's son played with the vibrator, and put it on the female doll's genitalia and breast.
Defendant objected to Fields's testimony as to the behavior of defendant's children during their interview with Dr. Rhea as hearsay; the trial court overruled this objection.
Nonverbal communication can be hearsay when it is assertive in nature and when it is introduced at trial to prove the truth of the matter asserted. We find the observed behavior of the children was not assertive in nature and, therefore, cannot be considered hearsay. Further, when an out-of-court statement is offered to prove circumstantially the declarant's state of mind, it is non-hearsay. State v. Raymond, 258 La.1, 245 So.2d 335 (1971). When a witness describes what a person did, that is evidence of what the witness saw and is clearly not hearsay. State v. Roach, 256 La.408, 236 So.2d 782 (1970).
In the instant case, the objectionable testimony was admitted only to show that defendant's children had knowledge of the existence of a cylindrical vibrator. Further, the trial court placed little weight on the testimony concerning the vibrator, and denied admission of the vibrator into evidence; therefore, we find this assignment lacks merit.

DECREE
For the foregoing reasons, we affirm the conviction and sentence of the defendant, Donald G. Feazell.
AFFIRMED.
NOTES
[*] Judge Hugh Ellis Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.