639 So.2d 391 (1994)
STATE of Louisiana, Appellee,
v.
J.W. MITCHELL, Appellant.
No. 26070-KA.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1994.
*392 Indigent Defender Office by John M. Lawrence and Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Rebecca I. Bush, Tommy J. Johnson, Asst. Dist. Attys., for appellee.
Before SEXTON and HIGHTOWER, JJ., and LOWE, J. Pro Tem.
SEXTON, Judge.
Defendant, J.W. Mitchell, was charged by grand jury indictment with second degree murder in violation of LSA-R.S. 14:30.1. A jury found him guilty of the lesser and included offense of manslaughter, and after the adjudication as a third felony offender, the trial court imposed a sentence of 38 years at hard labor, 5 of which are to be served without benefit of parole due to the firearms enhancement of LSA-C.Cr.P. Art. 893.3. Defendant appeals, contending that the evidence is insufficient to support the verdict and that his sentence is excessive. We affirm his conviction and sentence.

FACTS
On August 8, 1993, the victim, Allen "Butch" Willis, and the defendant had a verbal altercation. The testimony is conflicting. The state's witnesses testified that the victim slapped the defendant who left the scene and returned 20 to 40 minutes later armed with a gun. This version of the facts recounts that defendant shot the unarmed victim who was trying to get away. The defendant claimed *393 to have never left the scene and to have been punched and threatened by victim who, defendant claims, made a motion with his right arm toward Mitchell. As a result, Mitchell fatally shot Willis. The victim died from the gunshot wounds. As a result of these facts, defendant was charged with second degree murder, and the jury returned a guilty verdict of manslaughter. Defendant appeals his conviction and sentence.

DISCUSSION
On appeal defendant asserts three assignments of error. He first argues that the sentence imposed is excessive due to the failure of the trial court to consider the felony sentencing guidelines. He next argues that the trial court erred in denying his motion for new trial and/or post-verdict judgment of acquittal based upon a claim of insufficient evidence to convict. He finally requests review of the record for errors patent. Because Assignment of Error No. 2 addresses the sufficiency of evidence claim, we will discuss it first.

SUFFICIENCY OF EVIDENCE
Defendant filed both a motion for new trial and for post-verdict judgment of acquittal. Both motions challenge the sufficiency of the evidence, claiming that the state failed to prove beyond a reasonable doubt that defendant did not act in self defense when he shot the victim.
We initially note that defendant's claim for a new trial was based upon LSA-C.Cr.P. Art. 851(1), i.e., that the verdict was contrary to the law and evidence based upon a claim of insufficiency of evidence. This motion presents only the issue of the weight of the evidence, and the refusal to grant such a motion is not subject to appellate review, except for error of law. LSA-C.Cr.P. Art. 851(1); Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir. 1992), writ denied, 617 So.2d 905 (La.1993); State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). A sufficiency of evidence claim is properly raised in the trial court by a motion for post-verdict judgment of acquittal. LSA-C.Cr.P. Art. 821; State v. Korman, supra.
The standard for review of sufficiency of the evidence in a homicide case is whether a rational fact-finder, after viewing the evidence in the light most favorable to the state, could have found beyond a reasonable doubt that the homicide was not committed in self-defense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Matthews, 464 So.2d 298 (La.1985). At trial, the burden is on the state to prove that the defendant did not act in self-defense. State v. Flowers, 574 So.2d 448 (La.App. 2d Cir.), writ denied, 580 So.2d 666 (La.1991); State v. Stratton, 521 So.2d 842 (La.App. 2d Cir.1988). A homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. LSA-R.S. 14:20(1).
Defendant asserts in brief that the state failed in its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. The state argues in brief that the heart of this issue is the credibility of the witnesses, the assessment of which is left to the jury. Credibility determinations are largely within the jury's province. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). The appellate court will accord great discretion to the jury's decision to accept or reject the testimony of a witness or defendant. State v. Holland, 544 So.2d 461 (La.App. 2d Cir. 1989), writ denied, 567 So.2d 93 (La.1990).
In this case, Dennis Winder testified that on August 8, 1992, the day of the homicide, he was cleaning his car at his Shreveport home. The victim, Allen "Butch" Willis, and the defendant, J.W. Mitchell, were sitting about ten feet apart on a nearby porch. The two men were "having words" according to Winder. The argument continued as the two men walked to the street, where the victim "slapped" defendant. A bystander, Michael Williams, tried to separate the men, but defendant pushed Williams away. Winder *394 also attempted to separate the men, but according to his testimony, was pushed away by defendant. Winder testified that defendant said he would be back and departed the scene. According to Winder, defendant returned 30 to 40 minutes later. He pulled a pistol from his pants as he got to the middle of the street. The victim started to move away from the defendant. Winder told the defendant to put the gun down. Defendant lowered the gun for a moment and then raised it again. The victim moved away from defendant, behind a car. Defendant approached the car. The victim attempted once again to move from defendant when defendant shot him. Defendant left the scene.
Winder testified that the victim never acted like he was going to attack defendant, never reached for a weapon, and was continuously moving away from the defendant after he came back to the scene.
Michael Williams, who was also at the scene cleaning his car, testified that he saw the victim and defendant arguing. As the two men walked to the street, the victim slapped defendant. Williams stepped in between them and defendant left. He returned, according to Williams, approximately 20 minutes later. Defendant approached the victim and then pulled a handgun from his trousers. Initially, the men were standing on opposite sides of a car, but the victim moved toward the rear of the car, away from the defendant. Defendant fired the gun and hit the victim. Williams testified that the victim had not reached for a weapon or threatened defendant in any manner, but was simply trying to evade the defendant.
Shreveport police officer Carolyn Eaves testified that she heard the shot and arrived at the scene, a mere 50 feet away, within seconds. The victim was not armed.
Further testimony showed that defendant surrendered himself and his firearm to the police. Forensic tests matched the weapon to the fatal bullet. The expert witness testified that there was no powder residue on the victim's shirt, which meant that defendant and victim were at least three feet apart when the shot was fired.
Dr. George McCormick testified that the bullet's path was from the back side of the victim's left arm pit toward the right front of his chest.
The defendant told a vastly different story. He said that the victim punched him, threatened him, and made a motion with his right hand at which point defendant fired his weapon. He denied "chasing" the victim around the car. He testified that the blow by the victim was not a "slap" but was a "hit." He also denied leaving the scene and returning with a weapon. He denied that the witness Williams ever got between him and the victim. Defendant claimed that he thought that the victim was reaching for a weapon, but conceded that he did not see a weapon. Defendant claimed that the victim had threatened him three weeks earlier with a gun because the victim "was messing with a woman."
Defense witness Ray Colbert, who admitted a conviction for distributing cocaine, said he had witnessed the earlier threat which defendant claimed that the victim had made.
The jury heard this testimony and found defendant guilty of the lesser and included offense of manslaughter. The jury accepted the testimony of the state's witnesses over that of the defendant. This choice is clearly within the province of the jury. These witnesses testified that the victim possessed no weapon and that they heard no verbal or physical threats. Defendant returned to the scene within 20 to 40 minutes of the original altercation and shot the victim. A review of this evidence in the light most favorable to the state, according great deference to the jury's decision to accept and reject testimony, causes us to conclude that the evidence was sufficient to support the verdict of manslaughter, and that the state had proved beyond a reasonable doubt that the defendant did not act in self-defense. This assignment is without merit.

EXCESSIVE SENTENCE
By Assignment of Error No. 1, defendant asserts an excessive sentence claim, alleging that the trial court failed to give consideration to the Felony Sentencing Guidelines in imposing the sentence of 38 years at *395 hard labor, with 5 years of the sentence to be served without benefit of parole. Mitchell filed a motion to reconsider the sentence, generally asserting excessiveness of sentence, as required by LSA-C.Cr.P. Art. 881.1, which was denied by the trial court. However, defendant did not raise the issue of failure to consider the guidelines in this motion.
When a motion for reconsideration is made, Article 881.1 requires that the defendant include the specific ground upon which the reconsideration is urged. If the defendant does not include a specific ground in the motion to reconsider, the appeal is limited to the issue of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
In this case, the defendant made a general claim relating to the excessiveness of sentence in his motion for reconsideration. He did not include a specific ground upon which the reconsideration was urged. Therefore, he has preserved his right to a review of the bare excessive sentence claim only.
The defendant was exposed to a potential maximum sentence of 42 years at hard labor, including his habitual offender status and the firearm enhancement provisions. In sentencing defendant, the trial court considered that alcohol was used in the offense, that the defendant's behavior tracked previous violent behavior which included a felony conviction, and considered the value of a human life. We note that the defendant received a very favorable verdict in light of the facts presented at trial, which were sufficient to support a charge of second degree murder punishable by a life sentence. Thus, we cannot find that the sentence imposed is constitutionally excessive. This assignment of error is meritless.

ERRORS PATENT
Defendant requests a review of the record for errors patent. This request is unnecessary due to automatic review by the appellate court in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.), modified on other grounds, 624 So.2d 1208 (La.1993). We do note that the trial court informed defendant that he had "three years from today's date" to apply for post-conviction relief. However, prescription does not begin until the conviction and sentence are final. LSA-C.Cr.P. Art. 930.8.
Defendant's conviction and sentence are affirmed.
AFFIRMED.