754 So.2d 387 (2000)
STATE of Louisiana, Appellee,
v.
Lorenza BRYANT, a/k/a Lerenzo Demond Brown, Lerenzio Brown, Appellant.
No. 33,078-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*388 Louisiana Appellate Project by Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian King, Tommy J. Johnson, Asst. Dist. Attys., Counsel for Appellee.
Before BROWN, STEWART and DREW, JJ.
DREW, J.
Appellant, Lorenzo Bryant ("Bryant"), was charged by bill of information with Possession of Firearm by a Convicted Felon (La. R.S. 14:95.1) and convicted of an attempt to commit that crime by a unanimous jury. He was sentenced to five years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant appeals, arguing that the evidence is insufficient to sustain his conviction, his sentence is excessive and the trial court erred in denying his motion for new trial.
We affirm.

FACTS
During the early minutes of New Year's Day 1999, two Shreveport police officers, Jerry Silva and Jason Brook, were patrolling the Queensborough neighborhood when they observed the defendant fire a shot with a shotgun. Upon seeing the officers approaching, the defendant walked up to a house, placed the gun on the porch and began to walk away. The officers never lost visual contact with the person who fired the shotgun. Officer Brook pursued the defendant and Officer Silva retrieved the weapon from the porch, where several persons were sitting. None claimed the weapon.
According to Officer Silva, upon his arrest the defendant admitted that he was a convicted felon and had fired the weapon. The weapon and a spent shotgun shell were identified and admitted into evidence.
*389 Officer Jason Brook testified consistently with Officer Silva, except that he testified that the defendant did not directly admit firing the gun, but stated that he "thought it was okay to fire weapons on New Year's Eve."
Officer Danny Duddy, a crime scene investigator, was accepted as an expert in fingerprint identification and analysis. Officer Duddy took the fingerprints of the defendant in open court on an index card and compared these fingerprints with the inked fingerprint impressions on the back of the bill of information for the predicate felony offense. Officer Duddy stated that the same fingers made the impressions on the back of the bill of information as on the index card. The bill of information, the fingerprint index card and a certified copy of criminal minutes showing the defendant's conviction for attempted simple kidnapping were admitted as evidence. Officer David C. Fuhrman of the Forensics Unit testified that he had processed the shotgun for latent fingerprints and was unable to locate any prints.
The defendant testified that he and La-Taskia Grant were visiting friends on January 1, 1999. He recalled while he was inside the house, he heard gunshots outside the house. He denied seeing anyone fire a gun. According to defendant, when he was later outside searching for his grandmother's dog, he saw a police car approaching. He testified that as one officer arrested him, the other officer went to the porch of 2803 Frederick and obtained a firearm. He denied having fired the shotgun. According to the defendant, the shots were fired some 30 minutes before his arrest.
The defendant admitted having been convicted of attempted simple kidnapping, having a suspended sentence imposed and being on probation at the time of the offense. The defendant denied having the shotgun, denied seeing who had the shotgun that night, and denied ever seeing the shotgun before.
LaTaskia Grant, coincidentally the victim of the attempted simple kidnapping, testified that she and the defendant were together on the night of the offense. She testified that while she and defendant were on the porch, a person other than the defendant fired the shots. She testified that she was not facing the street and did not see who fired the shots. According to this witness, when she and defendant came out of the house, she saw someone named "Al" loading a gun. The defendant was right next to her at this time. Ms. Grant testified, "I know if I saw him, he [the defendant] saw him." We note that the defendant denied ever seeing a gun that night. We additionally note that at the time that the witness identified the defendant as being next to her, the defendant testified that he was walking toward the end of the street, searching for a dog.
The jury unanimously convicted the defendant of attempted possession of a firearm by a convicted felon.

DISCUSSION

Sufficiency of evidence
The defendant's states in his first assignment of error that the evidence was legally insufficient to sustain the conviction. In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La. 1984); State v. Doby, 540 So.2d 1008 (La. App. 2d Cir.1989), writ denied, 544 So.2d 398 (La.1989).
An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing *390 that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
The direct evidence adduced, the testimony of two police officers that they observed the defendant firing the gun, was sufficient to convince a rational trier of fact of the actual commission of the offense charged, possession of a firearm by a convicted felon and is sufficient to support a conviction for the lesser offense.
Attempt, however, is a responsive verdict to the charged offense. A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. The evidence in this case was sufficient to convict as charged. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251 (La.1982) states:
[i]f the defendant does not enter an objection (at a time when the trial judge can correct the error), then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.
As in Tatum, [State v. Tatum, 27,301 (La.App.2d Cir.9/27/95), 661 So.2d 657], the evidence here clearly demonstrates that the defendant intended "to possess a firearm or carry a concealed weapon," the prescribed criminal consequences of La. R.S. 14:95.1. The evidence was sufficient to support a conviction for the greater offense; and the jury could choose to respond with a verdict of the lesser offense of the attempted crime.
State v. Riser, 30,201 (La.App.2d Cir.12/12/97), 704 So.2d 946, 951.
The testimony of the defendant and his former girlfriend is inconsistent and not worthy of belief. This assignment of error is without merit.

Motion for New Trial
In January, 1999, Alexander Hamilton, apparently the "Al" referred to in Ms. Grant's testimony, executed an affidavit stating that the defendant did not have a gun or fire a gun on New Year's Eve, but that he had the gun. The defendant subpoenaed Hamilton, but Hamilton could not be found during the trial.
Defendant filed a motion for new trial on the grounds that the trial court denied a motion for mistrial based on the unavailability of Alexander Hamilton and prohibited the introduction of Hamilton's affidavit. Defendant's second assignment of error is the trial court erred in denying his motion for new trial.
No continuance or recess was sought to provide additional time within which to obtain the presence of Hamilton. Both a continuance and a recess are controlled by La.C.Cr.P. art. 709, which provides:
Art. 709. Continuance based on absence of a witness
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
See State v. Rogers, 553 So.2d 453 (La. 1989); State v. Jackson, 450 So.2d 621 (La.1984).
*391 The defense here never sought either a continuance or a recess, but only requested a mistrial, and then the admission of Hamilton's affidavit. A missing witness is not one of the grounds for a mistrial. La.C.Cr.P. art. 775 provides:
Art. 775. Mistrial; grounds for
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.
There is no showing here that any ground for mistrial exists. The trial court found that there was no showing that the witness would ever be found, and thus no recess would aid the defense. The court found the affidavit to be inadmissible, and no objection to that ruling is in the record. The lack of a contemporaneous objection to this evidentiary ruling is fatal. La. C.Cr.P. art. 841; La.C.Cr.P. art. 921.
This assignment of error is without merit.

Excessive Sentence
La. R.S. 14:95.1 provides, in part:
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
The trial court adequately complied with La.C.Cr.P. art. 894.1 by adverting to the circumstances of the conviction, including the "extenuating circumstance" that the offense involved firing a gun into the air on New Year's Eve. The trial court found significant that the defendant was on probation from an earlier offense when he committed this crime. The trial court found the prior offense, the attempted abduction of his girlfriend from her high school, while armed, to be a significant factor. The trial court referred to the defendant's social, educational and employment history. The trial court noted that the defendant had violated his probation. The compliance with La.C.Cr.P. art. 894.1 is more than adequate.
The sentence imposed is adequately supported and is neither a purposeless and needless infliction of pain and suffering, nor is it shocking to the sense of justice. This sentence is not excessive.

DECREE
The conviction and sentence are AFFIRMED.
STEWART, J., concurs in result.