994 So.2d 1277 (2008)
STATE of Louisiana In the Interest of A.M.
No. 2008-CK-2493.
Supreme Court of Louisiana.
November 21, 2008.
*1278 PER CURIAM.
WRIT GRANTED. The decision of the Fourth Circuit Court of Appeal to grant defendant's expert access to videotaped interviews with the victim and witness is hereby reversed. The decision of the Juvenile Parish Court for the Parish of Orleans, permitting defense counsel to view the videotapes but denying defendant's motion for expert access to the videotaped interviews, is reinstated.
La. R.S. 15:440.1 et. seq. address electronic recordings of "protected persons." As defined for this part, protected persons include a victim of a crime or a witness in a criminal proceeding who is under the age of seventeen years. La. R.S. 15:440.2(C). At the time the interviews at issue were videotaped, the victim in this rape case was eight years old and the eyewitness was twelve years old. Thus, the victim and eyewitness are protected persons under the statute. La. R.S. 15:440.5(C) addresses discovery of and access to videotaped statements of protected persons. The statute provides, in pertinent part, that:
In a criminal prosecution, when the state intends to offer as evidence a copy of a videotaped oral statement of a protected person made pursuant to the provisions of this Subpart, the defendant, through his attorney only, may be provided a copy of the videotape if the court determines it necessary to prepare a proper defense. If the defendant's attorney is provided a copy of the videotaped statement by court order or by permission of the district attorney, only the attorney and the defendant shall be permitted to view the tape, and no copies shall be made by any person. The copy shall be securely retained by the defendant's attorney at all times and shall not be possessed, transferred, distributed, copied, or viewed by any unauthorized party.
La. R.S. 15:440.5(C) (emphasis added). In allowing defendant's expert access to the videotaped interviews at issue, the Fourth Circuit presumably[1] accepted defendant's argument that La. R.S. 15:440.5(C) should be interpreted broadly to allow presentation of the videotaped statements to a defense expert for review as an agent of the attorney because any additional intrusion on the privacy interests of the protected person appears minimal in a case in which defense counsel has been provided the opportunity to view the videotaped interview.
The First and Fifth Circuits, by contrast, have adopted a narrow and literal reading of R.S. 15:440.5(C). In State v. Bolden, 03-0266, pp. 13-14 (La.App. 5 Cir. 7/29/03), 852 So.2d 1050, 1060, after defense counsel was allowed to view the videotaped testimony of a protected person, the defense requested a copy of the tape so that the defendant's expert could review it independently. The state objected, arguing that, under the explicit language of La. R.S. 15:440.5(C), if the court ordered a copy of the videotaped statement to be provided to the defendant, only the attorney and the defendant were permitted to view the videotape and that no copies were to be made by any person. Accepting the state's argument, the trial court denied defendant's motion and the Fifth Circuit affirmed that decision. More *1279 recently, the Fifth Circuit set aside a district court order providing defendant with access to a videotaped statement by the victim because "[t]he sole reason put forth by defense counsel for obtaining a copy of the tape was to show the tape to his law partner, an expert, and an investigator, in contravention of [La. R.S. 15:440.5(C) ]." State v. Lejeune, 08-0401 (La.App. 5 Cir. 5/23/08), writ denied, 08-1338 (La. 10/10/08), 993 So.2d 1284.
Similarly, in State v. Cyrex, 97-2520, p. 4 (La.App. 1 Cir. 9/25/98), 746 So.2d 1, 3, the First Circuit reviewed the pertinent statute and held that defense counsel may not provide a copy of a videotaped statement to an expert and that "[i]f the court orders the defendant be provided a copy of the videotaped statement, only the attorney and the defendant shall be permitted to view the tape and no copies shall be made by any person."
We believe the legislature's recent amendments to R.S. 15:440.4(C), 2008 La. Acts 85, remove any doubt as to how narrowly or expansively courts should read its terms. The statute continues to provide that "only the attorney and the defendant shall be permitted to view the tape," but now adds the admonition that any copy obtained by defense counsel "shall be securely retained by the defendant's attorney at all times and shall not be possessed, transferred, distributed, copied, or viewed by any unauthorized party." The statute continues to provide for a contempt citation for any violation of its terms but it now also provides that "[a]ny person who makes an unauthorized disclosure of the videotape or its contents may also be subject to liability for civil damages, including punitive damages." These amendments clearly indicate the legislature's intent to limit strictly pre-trial access by the defense to the videotaped statements. Under the plain terms of the statute, only defense counsel and the defendant may view the videotaped statements in preparation for trial.
The statute is not unconstitutional as drafted. Defendant argues that a narrow construction of the statute would result in a violation of his Sixth Amendment right to confront his accusers. However, La. R.S. 15:440.5(A)(8) specifically provides as a prerequisite for admission of the statement that "[t]he protected person is available to testify." La. R.S. 15:440.5(B) further provides:
The admission into evidence of the videotape of a child as authorized herein shall not preclude the prosecution from calling the child as a witness or taking the child's testimony outside of the courtroom as authorized in R.S. 15:283. Nothing in this Section shall be construed to prohibit the defendant's right of confrontation.
Id. Thus, on its face, the statute does not violate defendant's constitutional right of confrontation. See Crawford v. Washington, 541 U.S. 36, 59, n. 9, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004)("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.") (citations omitted); State v. Feazell, 486 So.2d 327, 331 (La.App. 3 Cir.) ("The State offered the videotape in evidence as the direct testimony of the child and, at the conclusion of the videotape, tendered the child in person for cross-examination by defendant.... Under these circumstances ... the defendant's constitutional right of confrontation was not violated since he was given an opportunity to cross-examine the witness against him."), writ denied, 491 So.2d 20 (La.1986).
We likewise find defendant's other constitutional arguments to lack merit. The right to present a defense does not encompass the right to present expert testimony *1280 commenting directly on the credibility of a victim's testimony. State v. Foret, 628 So.2d 1116, 1130 (La.1993). With respect to cross-examination of eyewitness testimony, "the proper evaluation of evidence under the instructions of the trial judge is the very task our system must assume juries can perform." Watkins v. Sowders, 449 U.S. 341, 347, 101 S.Ct. 654, 658, 66 L.Ed.2d 549 (1981). Given the substantial state interest in prosecuting crimes of violence against protected persons "with a minimum of additional intrusion into the lives of such protected persons," La. R.S. 15:440.1, the legislature may also assume that reasonably competent counsel provided with pre-trial disclosure of the recorded statements made by protected persons possess the requisite tools to prepare for cross-examination as they may in any other case unaided by a psychologist or an investigator, or, for that matter, a law partner, whose contributions may, to some indeterminate degree, or may not, aid in the process. In this context, a defendant's due process right to present a defense and his Sixth Amendment right to the effective assistance of counsel guarantee him no more and no less than what the Confrontation Clause of the Sixth Amendment otherwise secures to him: "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Owens, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (internal quotation marks and citations omitted).
Therefore, in the present case, we find that the decision of the Fourth Circuit Court of Appeal to grant defendant's expert access to videotaped interviews with the victim and witness violated the explicit language of La. R.S. 15:440.2(C), and thus this decision must be reversed. The decision of the Juvenile Parish Court for the Parish of Orleans, denying defendant's motion for expert access to the videotaped interviews, is therefore reinstated.
REVERSED.
NOTES
[1] The Fourth Circuit did not give written reasons supporting its decision to reverse the ruling of the Juvenile Parish Court for the Parish of Orleans.